### JAPHET B. NIXON v. WILLIAM FITHIAN.

A sergeant-at-arms of a District Court is not made subject to the statutory liability for failure to perform the duties prescribed by the District Court act respecting executions out of said court delivered to him which is imposed upon constables for such failure by section 73 (*Gen. Stat.*, p. 1227) of said act.

---

This action is upon contract.

The declaration states that the defendant (Fithian) was, on June 1st, 1896, duly appointed a sergeant-at-arms of the Camden District Court, and became duly qualified and entered

upon the duties of the office; that plaintiff (Nixon) obtained two judgments in said court against one Seybold, one for $43.71 and the other for $114.60; that executions, issued upon said judgments, were placed in the hands of defendant, as sergeant-at-arms, to be executed, and that defendant did not make return of the executions in thirty days from the time he received them. In the conclusion it is charged that thereby an action had accrued to plaintiff to recover of defendant $158.31.

The second plea sets up as an excuse for failing to return the executions, that defendant was prevented from doing so without any fault on his part—by restraining orders out of the Court of Chancery and the advice of the attorney of the plaintiff.

There was a demurrer to this plea.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *John J. Crandall.*

For the defendant, *Henry S. Scovel* and *William T. Boyle.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. A demurrer to a pleading reaches back in its effect through all previous pleadings, and judgment thereon must be given against the party in whose pleadings the first substantial defect is found.

The declaration in this case is in the form of a declaration in debt, and founds plaintiff's right of recovery solely upon defendant's failure to make return of the executions in his hands within thirty days. By that failure, its claim is, that he had become liable to plaintiff for the whole amount named in the executions.

The office of sergeant-at-arms of District Courts was first created by a supplement to the District Court act, approved February 16th, 1892. *Gen. Stat., p.* 1257. That supplement

has been superseded and repealed by another supplement, approved March 26th, 1896. *Pamph. L., p.* 164. By section 1 of this supplement, any District Court judge may appoint a suitable person as sergeant-at-arms, and it is therein provided that "any person, not a constable, when so appointed, shall, during his continuance in office, be invested with and possess all the rights, privileges, powers and duties appertaining to the office of constable, and all papers, warrants and process, either civil or criminal, issued out of any District Court of this state, shall be as binding and effectual and have the same legal effect when served or executed by said sergeant-at-arms as if served or executed by a constable."

When this supplement is compared with the original District Court act, it is obvious that a sergeant-at-arms, if a constable, derives his power to serve and execute the process of that court wholly from the provisions of the original act contained in section 51 and the following sections, while a sergeant-at-arms who is not a constable derives his power to serve and execute such process wholly from the provisions of the supplement of 1896.

By section 63 of the District Court act a constable, who had levied upon any goods and chattels by virtue of an execution issued out of such court, was required to give a certain notice of the time and place when he would expose such goods and chattels to sale, and it was added that he "shall at the time and place so appointed expose them to sale by public vendue and strike them off to the highest bidder, and pay the money thence arising to the plaintiff, or, in case of his absence, to the clerk, and, within thirty days from the time he shall receive the execution, make return to the clerk who issued the same of the proceedings had thereon, and the said clerk shall make a record thereof."

Whether the clause of section 63, above quoted, which requires the peremptory sale of goods and chattels levied on and the return of the execution within thirty days remains in force, admits of doubt, for by section 5 of a supplement approved April 5th, 1878, the first part of section 63 was

re-enacted with slight and immaterial variations, but the last clause was wholly omitted. The supplement contained a general repealer.

But assuming that by the scope of this legislation constables, to whom have been delivered executions issued out of District Courts, must make return thereof within thirty days, it follows that, by the express provisions of section 73 of the original act, a failure to perform that duty will make them liable to pay to the plaintiff in execution the debt or damages and costs, and the amounts thereof may be recovered by action without reference to the question whether plaintiff in execution was in fact injured by the failure to make return. The language of that section may perhaps be susceptible of another construction, but the provisions of the Justices' Court act, now contained in section 68 of that act (*Gen. Stat., p.* 1878), and which are identical with those of section 73 of the District Court act, have been construed in this court as subjecting the constable to the statutory liability upon a mere failure to return the execution in his hands. *McLaren* v. *McVicar,* 12 *Vroom* 271.

The declaration avers that the executions which defendant failed to return were delivered to him as sergeant-at-arms. From its averments it is obvious that defendant did not hold the office of constable, and that whatever powers he had over the process were derived from the provisions of the supplement of 1896. *Ubi supra.* There can be no doubt that he was thereby fully empowered to execute the process as any constable might do. But the question is whether, upon his failure to perform any duty that devolved upon him in respect to such process, the law has imposed upon him as it has upon constables a liability to answer for the whole sum to be raised by the execution without reference to the question whether the failure in fact injured the plaintiff in execution.

Such legislation has been held to be penal in its character. *McLaren* v. *McVicar, ubi supra.* The provisions of section 73 apply in terms only to constables. The supplement of 1896 gives rights, privileges and powers, and imposes duties

upon sergeants-at-arms, but it nowhere contains any express provisions subjecting them to a penalty for failure to perform such duties. In my judgment there is nothing to justify an implication of a legislative intent to subject them to such a penalty.

The result is, that the declaration discloses that plaintiff has no cause of action against defendant.

Whether plaintiff may not have relief for any injury actually suffered by him because of defendant's dereliction of duty, by an action on the bond which defendant was required to give by the supplement of 1896, or upon a declaration in case charging injury from neglect to perform official duties, need not be discussed.

Judgment on the demurrer must be given for defendant.